UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODUSKY MCCOWEN,<br><br>Plaintiff,<br><br>v.<br><br>TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.,<br><br>Defendant. | Case No. 14-cv-02694-RS  (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 27 |

In this wage-and-hour putative class action, named plaintiff Lodusky McCowen ("Plaintiff") is a truck driver who worked for Defendant Trimac Transportation Services (Western), Inc. ("Defendant"), a provider of bulk transportation, logistics, and related transportation services. The complaint alleges that during the class period Defendant failed to comply with a number of provisions of California state labor law by, among other things, failing to compensate drivers for all time worked, to pay wages upon termination, or to provide rest and meal periods. Plaintiff brings this lawsuit on behalf of all present and former California-based Trimac truck drivers. The action has been referred to the undersigned magistrate judge for resolution of discovery disputes. (Dkt. No. 28.) Now pending before the Court is Plaintiff's motion to compel Defendant to respond to a number of discovery requests seeking class contact information and other classwide information. (Dkt. No. 27.) Having considered the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS IN PART the motion.

**BACKGROUND**

Plaintiff filed this putative class action on June 10, 2014. (Dkt. No. 1.) Plaintiff worked as a driver for Defendant from their operating terminal based in Santa Fe Springs, California. (*Id.*

¶ 23.) Plaintiff alleges that Defendant permitted Plaintiff and other drivers to work portions of the day for which Defendant failed to compensate them, failed to pay wages at the designated rate and for actual miles driven, failed to provide meal and rest periods, failed to timely furnish accurate itemized wage statements, imposed waiting time penalties, and violated California's unfair competition law. (*Id.* ¶¶ 26-62.)

Plaintiff seeks to represent a proposed class defined as "[a]l current and former California-based truck drivers employed by Defendants at any time from four years preceding the filing of this complaint until judgment is rendered in this action[.]" (*Id.* ¶ 63.) In addition, Plaintiff seeks to certify a subclass of former drivers who are no longer working for Defendant. (*Id.* ¶ 64.)

Plaintiff alleges that he meets the requirements for class certification under Federal Rule of Civil Procedure 23. He alleges that the number of class members, hundreds of employees who worked as drivers for Defendant in the relevant time period, is too great to make joinder possible or practicable. (*Id.* ¶ 65.) While the exact number of class members is unknown, Plaintiff alleges that it could be ascertained through inspection of Defendants' business records. (*Id.*) He alleges that common questions of law and fact exist and predominate over questions affecting individual members, listing 20 such questions pertaining to all class members. (*Id.* ¶ 66.) He alleges that his claims are typical of the putative class members' claims because Defendants "treated both Plaintiff and all members of the Class in a virtually identical manner with respect to the violations of law" asserted in the complaint. (*Id.* ¶ 67.) He alleges that he is an adequate class representative. (*Id.* ¶ 68.)

Defendant answered Plaintiff's complaint (Dkt. No. 12), and the district court set a schedule for the case. Plaintiff's motion for class certification is due in October 2015. (*See* Dkt. No. 24.) The parties have been engaged in discovery since March 2015. At issue here are certain Requests for Production ("RFPs") that Plaintiff initially served on March 31, 2015, seeking disclosure of the putative class members' names and contact information, as well as Defendant's policies, compensation practices, and correspondence regarding putative class members. (Dkt. No. 27-4 ¶¶ 2-3.) Chiefly at issue in the instant motion is RFP No. 4, which seeks the class list in electronic form. (Dkt. No. 27 at 14.) In addition, other RFPs numbered 3, 10, 28, 29, 37, 43, and

52 seek classwide information, including: internal correspondence among Defendant's personnel discussing the claims in the complaint, communications between Defendant and putative class members discussing any claims in the complaint, Defendant's payroll database applicable to the putative class during the class period identifying the elements of wages paid, documents that describe or define the categories or elements of compensation, documents that identify the compensation paid for the putative class members' meal and rest periods, and all data transmitted to or from the computer systems on-board putative class members' trucks during the relevant period. (*Id.* at 13-18.)

Defendant asserted nearly identical boilerplate objections in response to all of the requests at issue here, namely asserting that the requests are vague and ambiguous; overbroad, unduly burdensome, and harassing; not reasonably particular; seek production of confidential and proprietary business information; seek information protected by the California Constitution's right to privacy; and is premature, as no class has been certified in this case. (*See* Dkt. No. 27 at 13-18.) The parties then began their efforts to meet and confer. Plaintiff sent Defendant a letter citing case law for its position that it is entitled to both the class list and other classwide discovery. (Dkt. No. 27-5.) Defendant responded in kind, citing its own authority against discoverability of the requested information, but ultimately suggested that Plaintiff defer further meet-and-confer efforts until after the deposition of Defendant's 30(b)(6) witnesses later that month on topics including identification of putative class members. (Dkt. No. 27-6; *see also* Dkt. No. 27-2 at 7.) Those depositions occurred on July 20 and 21, 2015. (Dkt. No. 27-1 ¶ 4.) Defendant refused to produce the class list at that time. (*Id.*)

The parties did not meet and confer further about the requested documents. Instead, Plaintiff filed the instant motion to compel, seeking (1) an order compelling Defendant to respond to RFP No. 4 by producing the class list in searchable electronic format; and (2) an order overruling Defendant's objection to the remaining RFPs seeking classwide discovery and ordering the parties to meet and confer regarding the scope of the documents and data requested. Plaintiff also seeks an award of reasonable costs for bringing the instant motion, including attorneys' fees, in the amount of $4,567.50. Defendant, for its part, urges the Court to deny the motion regarding

3

1  RFP No. 4 on multiple grounds: because the request is premature as Plaintiff has failed to satisfy
2  his meet-and-confer obligations; because Plaintiff has not met his burden of articulating a need for
3  pre-certification discovery or demonstrating how his need outweighs the putative class members'
4  privacy interests.  With respect to the remaining classwide discovery, Defendant likewise contends
5  that the motion must be denied because the parties have not completed the meet-and-confer
6  process.  The Court heard oral argument on September 10, 2015.

## DISCUSSION

### I.   Legal Standard

Normally, under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *See* Fed. R. Civ. P. 26(b)(1).  Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence," even if the information is not admissible at trial.  *Id.*  The court may allow discovery of any material "relevant to the subject matter involved in the action," not just the claims or defenses of each party, if there is good cause to do so.  Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Federal Rule of Evidence 402 provides that all relevant evidence is admissible except as otherwise provided by the U.S. Constitution, Act of Congress, or applicable rule of Federal Rules of Evidence.  "The question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995).  Ultimately, district courts have broad discretion in determining whether evidence is relevant for discovery purposes.  *See Survivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases

4

1  stand for the unremarkable proposition that often the pleadings alone will not resolve the question
2  of class certification and that some discovery will be warranted.") (footnote omitted).  Courts
3  generally recognize the need for pre-certification discovery relating to class issues.  *See id.*; *Del*
4  *Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006).  In seeking pre-certification discovery,
5  the plaintiff bears the burden to *either* make a prima facie showing that the Rule 23 class action
6  requirements are satisfied, *or* to show "that discovery is likely to produce substantiation of the
7  class allegations."  *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  "[T]he need for
8  discovery, the time required, and the probability of discovery providing necessary factual
9  information" are also relevant factors "bearing on the correctness of the trial court's exercise of
10 discretion."  *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citation
11 omitted) (citation omitted).  Thus, discovery is likely warranted where it will help resolve factual
12 issues necessary for the determination of whether the action may be maintained as a class action,
13 such as whether there are grounds for a class or subclass.  *Kamm v. Cal. City Dev. Co.*, 509 F.2d
14 205, 210 (9th Cir. 1975).  It is an abuse of discretion to deny discovery where it is necessary to
15 determine the existence of a class or subclass.  *Doninger*, 564 F.2d at 1313 (citation omitted).
16 "The better and more advisable practice for a District Court to follow is to afford the litigants an
17 opportunity to present evidence as to whether a class action was maintainable.  And, the necessary
18 antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the
19 material, especially when the information is within the sole possession of the defendant."  *Id.*
20     Rule 23 provides that a member of a class may sue on behalf of all members only if the
21 class meets the prerequisites of numerosity, commonality, typicality, and adequacy of
22 representation.  Fed. R. Civ. P. 23(a).
23 **II.    Application**
24     Plaintiffs seek the names and contact information for the putative class as well as other
25 classwide discovery to gather evidence in support of class certification.  The Court will address the
26 request for the class list (RFP No. 4) separately, before turning to the other classwide-discovery
27 requests.
28

A.     *Class List Discovery (RFP No. 4)*

As a threshold matter, Defendant urges the Court to deny Plaintiff's motion for failure to comply with the Court's meet-and-confer requirements. From Defendant's point of view, Plaintiff should have continued its efforts to meet and confer with Defendant following the 30(b)(6) depositions. However, given that Defendant refused altogether to provide class list information at those depositions, it was not unreasonable for Plaintiff to deem the parties to have reached an impasse on this issue. And given the fast-approaching deadline for Plaintiff's class certification motion, the Court cannot fault Plaintiff for going ahead and filing the motion instead of waiting any longer. Thus, the Court declines to deny Plaintiff's motion on this ground. Likewise, Defendant's boilerplate objections as to vagueness and ambiguity, overbreadth and burden, particularity, and proprietary business information are without merit. *See Holt v. Nicholas*, No. 1:09-cv-00800-AW-SAB (PC), 2014 WL 250340, at *3 (E.D. Cal. Jan. 22, 2014) (noting that because Rule 34 requires that a party responding to an RFP "include the specifics of the objection and how that objection relates to the documents" sought, "[g]eneric, boilerplate objections to discovery are not sufficient") (citations omitted). Indeed, in its opposition, Defendant does not contend otherwise, and thus concedes as much. *See Ardente, Inc. v. Shanley*, No. 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."). The Court therefore overrules these objections and turns to the parties' substantive arguments about whether Plaintiff is entitled to the discovery sought.

Defendant argues that the Court cannot allow discovery of the class list because, under *Mantolete*, pre-certification discovery is prohibited until the plaintiff has submitted evidence to demonstrate a prima facie case of the class action requirements or that particular discovery is likely to produce substantiation of the class allegations. (Dkt. No. 32 at 11.) Defendant misreads *Mantolete*. There, the court stated that "[a]bsent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Mantolete*, 767 F.2d at 1424. As another court in this District has noted, however, "[t]his does not mean that, absent such a showing, it would be an abuse of discretion to *allow* class discovery." *Barreras v. Michaels Stores, Inc.*, No. C 12-4474 (PJH), 2015 WL 1886337, at *3 (N.D. Cal. Apr. 24, 2015). To the contrary, pre-certification

6

1  remains largely within the trial court's discretion, "and *Mantolete* does not change that fact or
2  limit the court's discretion even when no prima facie or substantiation showing has been made."
3  *Id.* at *3. *Mantolete* therefore does not require denial of the requested discovery.

4        And, in any event, Plaintiff has made a prima facie showing that the class action
5  requirements of Rule 23 are met based on the allegations in the complaint. *See Brawner v. Bank*
6  *of Am., N.A.*, No. C 14-02702 YGR (LB), 2014 WL 6845504, at *3 (N.D. Cal. Dec. 4, 2014)
7  (finding that plaintiff made a prima facie case of Rule 23 requirements based on the allegations in
8  the complaint). Similarly, Plaintiff has established that the class list would help substantiate her
9  class-certification allegations insofar as it will help establish numerosity (*see* Dkt. No. 1 ¶ 65
10 (noting that the exact number and identifies of the class members are unknown but could be
11 ascertained through inspection of Defendant's business records)), and may lead to declarations
12 from putative class members as percipient witnesses that will help indicate that they subject to the
13 same policy or practice as the named Plaintiff, which will help establish commonality and
14 typicality (*see* Dkt. No. 33 at 7). Thus, Plaintiff has demonstrated that the putative class members'
15 identities and contact information are needed for the purposes of class certification briefing and
16 are likely to substantiate her class allegations.

17       And indeed, numerous courts in this District have found that disclosure of class members'
18 contact information is appropriate in pre-certification class actions. *See, e.g.*, *Barreras*, 2015 WL
19 1886337, at *3; *Brawner*, 2014 WL 6845504, at *4; *Wellens v. Daichi Sankyo Inc.*, No. C-13-
20 00581-WHO (DMR), 2014 WL 969692, at *4 (N.D. Cal. Mar. 5, 2014); *Stokes v. Interline*
21 *Brands, Inc.*, No. C-12-05527 JSW (DMR), 2013 WL 4081867, at *2-3 (N.D. Cal. Aug. 9, 2013);
22 *Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186, at *2 (N.D. Cal.
23 June 25, 2013); *Willner v. Manpower, Inc.*, No. C 11-2846 JSW (MEJ), 2012 WL 4902994, at *5-
24 6 (N.D. Cal. Oct. 16, 2012); *Algee v. Nordstrom, Inc.*, No. C 11-301 CW (MEJ), 2012 WL
25 157314, at *4-5 (N.D. Cal. May 3, 2012); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal.
26 2011); *Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 WL 1526314, at *2
27 (N.D. Cal. Apr. 15, 2010); *Khalilpour v. Cellco P'ship*, No. C09-02712 CW (MEJ), 2010 WL
28 1267749, at *2 (N.D. Cal. Apr. 1, 2010).

Defendant has also objected to Plaintiff's discovery request on the basis of privacy, including specifically California's constitutional right to privacy. When privacy is involved, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Lantz v. Super. Ct.*, 28 Cal. App. 4th 1839, 1853-54 (1994). "Compelled discovery within the realm of the right of privacy cannot be justified solely on the ground[s] that it may lead to relevant information." *Artis*, 276 F.R.D. at 352 (internal quotation marks and citation omitted). While at least one court has denied a plaintiff's pre-certification motion to compel the class list where the plaintiffs stated generally that they are "preparing for class certification and must establish numerosity, commonality, typicality, and adequacy, but they [did] not explain how the information they seek will help them establish any of those elements" and therefore failed to demonstrate that their need for the information outweighs the privacy rights of the potential class members, *Johnson v. Sky Chefs, Inc.*, No. C11-05619 LHK (HRL), 2013 U.S. Dist. LEXIS 74246, at *8 (N.D. Cal. May 24, 2013), most other courts have found that the need to prepare for class certification and meet the Rule 23 requirements is sufficient. So it is here.

Indeed, courts in this District also have emphasized that in the context of a class action, disclosure of basic contact information for putative class members does not constitute a serious invasion of privacy, especially when the Court determines that the class may possess relevant discoverable information about certification issues. *Artis*, 276 F.R.D. at 353. Many courts have found that a standard protective order is sufficient to protect the putative class members' privacy rights in their own contact information. *See, e.g.*, *Brawner*, 2014 WL 6845504, at *4 (citation omitted); *Wellens*, 2014 WL 969692, at *3; *Currie-White*, 2010 WL 1526314; *Artis*, 267 F.R.D. at 353; *Bottoni v. Sallie Mae, Inc.*, No. 10-03602 LB, 2012 WL 8304347, at *3 (N.D. Cal. June 1, 2012) (recognizing that "ordinarily, protective orders are enough" absent "special privacy concerns"); *Holman v. Experian Info Solutions, Inc.*, No. C 11-0180 CW, 2012 WL 1496203, at *17 (N.D. Cal. Apr. 27, 2012) ("Numerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members."). "Ultimately, a

8

1   court maintains wide latitude in deciding whether contact information of putative class members
2   should be produced prior to class certification and, if so, whether the employees are entitled to be
3   notified before their contact information is shared with opposing counsel." *Benedict*, 2013 WL
4   3215186, at *3 (internal quotation marks and citation omitted).

5         Here, Plaintiff's need for the information for the purposes of class certification outweighs
6   Defendant's privacy concerns given the presence of a protective order in this matter.  However, in
7   light of those privacy concerns, Plaintiff's counsel must inform each potential class member that
8   he or she has a right not to talk to counsel and that, if he or she declines to talk with counsel,
9   Plaintiff's counsel will immediately terminate the conversation and will not contact that individual
10  again. *See Brawner*, 2014 WL 6845504, at *4 (collecting cases adopting the same safeguard).
11  During the initial communication, Plaintiff's counsel must inform each potential class member
12  that the Court compelled Defendant to disclose their contact information and that the
13  communication is highly confidential. *See id.* (collecting cases adopting the same safeguard).
14  Finally, all communications must be fair and accurate and must not be misleading, intimidating, or
15  coercive. *See id.* (collecting cases adopting the same safeguard).

16        B.     *Other Classwide Discovery (RFP Nos. 3, 10, 28, 29, 37, 43, and 52)*

17        Plaintiff also seeks an order overruling Defendant's objection to the other classwide
18  discovery requests seeking, among other things, payroll records and correspondence with or about
19  the putative class members (RFP Nos. 3, 10, 28, 29, 37, 43, and 52), and ordering the parties to
20  meet and confer about the scope of the documents and data sought therein.  The Court declines to
21  issue such an order for two reasons.  First, the Court has now ruled that Plaintiff has made a prima
22  facie showing that the proposed class is certifiable so any objection on that ground during the
23  parties' upcoming meet and confer process would be frivolous.  Second, the Court need not order
24  the parties to meet and confer regarding the scope of the discovery requests because they are
25  already under an obligation to do so.  The Court therefore denies Plaintiff's request for an order
26  pertaining to other classwide discovery without prejudice to Plaintiff renewing the motion after the
27  parties have engaged in a good faith effort to resolve the dispute without court intervention.
28

### III. Reasonable Costs

In addition, Plaintiff seeks an award of costs and attorneys' fees associated with bringing this motion due to Defendant's failure to adequately respond to properly served discovery. (Dkt. No. 27 at 27.) Specifically, Plaintiff seeks $5,467.50 based on the 12.15 hours counsel has spent on this discovery dispute. (Dkt. No. 33; Dkt. No. 33-3 ¶¶ 2-6.) Rule 37 provides that where a motion to compel is granted in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). But the court must not order payment of fees and costs if "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action;" if the opposing party's objection was substantially justified; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Here, although the Court understands why Plaintiff filed the instant motion when he did, it appears that better meet-and-confer negotiations might have obviated the need for a motion, or at least presented fewer issues to the Court for consideration. Further, Defendant raised some legitimate, albeit ultimately unsuccessful, objections to production. Under the circumstances presented, the Court declines to award fees and costs to Plaintiff.

### CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's motion. Defendant must produce the contact information for the putative class members by September 17, 2015. The Court declines to issue any order pertaining to the other classwide discovery requests (RFP Nos. 3, 10, 28, 29, 37, 43, and 52) as the parties have not yet engaged in a meaningful meet-and-confer process about these requests, and the Court is confident that future efforts will be informed by this Order. Before any future dispute may be brought to the Court's attention, counsel must have met and conferred in person. Further, the parties shall follow the joint discovery letter process set forth in the Court's standing order. Finally, the Court declines to award fees or costs to Plaintiff.

This Order disposes of Docket No. 27.

**IT IS SO ORDERED.**

Dated: September 3, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge